UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID FALK<br><br>VERSUS<br><br>FIRST ACCEPTANCE INSURANCE COMPANY OF GEORGIA, INC., STEADFAST INSURANCE COMPANY, AND EMANUEL COATES | CIVIL ACTION NO.: 3:20-cv-00403<br><br>JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

**AMENDED NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Steadfast Insurance Company ("Steadfast" or "Defendant"), who files this Notice of Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

**BACKGROUND**

I.

Plaintiff, David Falk, filed a lawsuit styled *David Falk v. First Acceptance Insurance Company Of Georgia, Inc., et al.*, 19th Judicial District Court for East Baton Rouge Parish, State of Louisiana, No. C-684698, naming Steadfast Insurance Company, First Acceptance Insurance Company of Georgia, Inc., and Emanuel Coates as Defendants. The suit seeks damages for Plaintiff's alleged injuries sustained from an alleged accident occurring at or about S. Peters Street in Orleans Parish, Louisiana on July 4, 2018. *See Exhibit 1 - Petition for Damages, Paragraph 2.*

II.

The state court action commenced on June 25, 2019. Notice that the amount in controversy

exceeds $75,000 was not received until June 22, 2020. The removal of this matter is being filed on June 25, 2020, within thirty days of notice and within one year of the date of commencement. Therefore, removal is timely under 28 U.S.C. § 1446(B)(1)-(3).

**BASIS OF REMOVAL**

III.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, which provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

IV.

Plaintiff David Falk alleges to be a citizen of the State of Louisiana.

V.

Defendant, Steadfast Insurance Company, is incorporated in the State of Delaware with its principal place of business in the State of Illinois.

VI.

Upon information and belief, First Acceptance of Georgia, Inc., is a foreign insurance corporation incorporated in Georgia with its principal place of business in Tennessee. First Acceptance of Georgia, Inc. has been served, and counsel for First Acceptance of Georgia, Inc. consents to removal.

VII.

Upon information and belief, Emanuel Coates is a citizen of and domiciled in in the State of Georgia. Emanuel Coates has been served, and counsel for Emanuel Coates consents to removal.

VIII.

Because Plaintiff is a citizen of the State of Louisiana and because Defendants Steadfast Insurance Company, First Acceptance Insurance Company of Georgia, Inc., and Emanuel Coates are citizens of states other than Louisiana, there is complete diversity of citizenship among the parties who have been joined and properly served and, as such, this suit is subject to removal pursuant to 28 U.S.C. § 1332 and 1441.

IX.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in an "other paper" from which it is unequivocally clear and certain that the amount in controversy requirement was met and the case was removable under federal jurisdiction. *Bosky v. Kroger Tex., L.P.* 288 F.3d 208 (5th Cir. 2002).

X.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

XI.

Per his Petition, Plaintiff alleges, as a result of the subject accident, he sustained "personal injuries including to his wrist, shoulders, and neck, along with other parts of his body, which have caused and will continue to cause him past and future pain and suffering, mental anguish and

3

distress, and loss of enjoyment of life, disability, lost wages and medical expenses[.]" *See* Petition for Damages, ¶ IV, attached as Exhibit "1". However, Plaintiff's *Petition for Damages* is silent as to the amount in controversy. Further, Plaintiff has not provided Defendant Steadfast with a settlement demand.

XII.

On May 22, 2020, Defendant Steadfast served Plaintiff, through his counsel, two (2) Requests for Admissions, both of which were solely focused on whether Plaintiff contested that his alleged claims for personal injury and/or damages exceeded $75,000, exclusive of interest and costs. *See Exhibit 2 – Requests For Admission To Plaintiff.* No other issue was requested or raised in the Requests for Admission.

XIII.

Per Louisiana Code of Civil Procedure article 1467, within thirty days after service of the request, a  the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.

XIV.

It has been more than thirty days since the two Requests for Admissions were served on Plaintiff, and no responses have been provided to Defendant. Instead, on June 22, 2020, Defendant Steadfast received the following letter, *via* facsimile:

> "I see that you served a Request for Admission to Plaintiff on May 22, 2020. The request was served during the suspension of legal and administrative deadlines. Therefore, in accordance with La. Acts No. 162, 75 JBE 2020, Section 3(H)(1)(b), and La.C.C.P. art. 1467(A), we will provide a timely answer or objection on or before July 14, 2020."

*See Exhibit 3 – June 22, 2020 Letter from Plaintiff Counsel.*

4

XV.

It is undisputed that this country and this state were placed in a state of emergency due to the COVID-19 pandemic. It is also undisputed that the Governor of Louisiana issued executive proclamations to address legal deadlines during that state of emergency. However, Plaintiff had many months since filing suit on June 25, 2019 and prior to the declared state of emergency on or about March 13, 2020 to determine whether he contends his damages are in excess of $75,000. Moreover, it should have taken Plaintiff counsel less time and about 40 less words to actually respond to the two Requests for Admission with "Admitted" or "Denied" than it did to prepare the letter to Defendant Steadfast's counsel.

XVI.

Given Plaintiff counsel's apparent attempt and greater effort to put off a response to the *Requests for Admission* – which only concerned whether the amount in controversy for this matter was greater or less than $75,000 – beyond the June 25, 2020 one-year anniversary of commencement of this action, rather than to respond to the requests, it is unequivocally clear and certain from his June 22, 2020 letter that the amount in controversy exceeds $75,000, exclusive of interest and costs.

XVII.

Based on Plaintiff counsel's June 22, 2020 letter, it is apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

XVIII.

Based on the allegations of Plaintiff's Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume

5

jurisdiction over this matter under 28 U.S.C. § 1332.

XIX.

Defendant Steadfast does not admit the underlying facts alleged by Plaintiff and denies liability to Plaintiff.

**REMOVAL PROCEDURE**

XX.

All Defendant(s) who have been properly joined and served with Plaintiff's petitions, specifically First Acceptance of Georgia, Inc. and Emanuel Coates, consent to this removal. This satisfies the requirement that all defendants who have been properly served with Plaintiff's petition affirmatively consent to the removal of this action. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985).

XXI.

This Notice of Removal is filed within 30 days of the receipt of "other paper" that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Bosky v. Kroger Tex., L.P.* 288 F.3d 208 (5th Cir. 2002).

XXII.

The state court action was commenced on June 25, 2020 and this removal has been filed within one (1) year after its commencement.

XXIII.

Venue is proper within the Middle District of Louisiana because the matter is being removed from Division "25" of the 19th Judicial District Court for East Baton Rouge Parish — a court which the Eastern District of Louisiana embraces, and more specifically:

> Hon. Wilson Fields, Judge
> Courtroom 7A, Office Suite 7101

    19th Judicial District Court, Div. "25"
    300 North Boulevard
    Baton Rouge, Louisiana 70801

## XXIV.

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, mover identifies all known counsel as follows:

a. *Counsel for Plaintiff – David Falk*
   Kirk A. Guidry (#20842)
   B. Scott Andrews (#24280)
   C. Scott Courrege (#37991)
   8201 Jefferson Highway
   Baton Rouge, LA 70809
   Telephone: 225-929-7481
   Fax: 225-924-4519

   Joseph E. Windmeyer, Jr., (#26554)
   WINDMEYER LAW FIRM, LLC
   2313 N. Hullen Street
   Metairie, Louisiana 70001
   Tel: (504) 833-0782
   Fax: (504) 833-0936

b. *Counsel for Defendants — Steadfast Insurance Company*
   Andrea L. Albert (#27353)
   Stephen J. Eckholdt (#35765)
   Galloway, Johnson, Tompkins, Burr & Smith
   #3 Sanctuary Boulevard, Third Floor
   Mandeville, Louisiana 70471
   Phone: (985) 674-6680
   Facsimile: (985) 674-6681

c. *Counsel for Defendants — First Acceptance Insurance Company of Georgia, Inc. and Emanuel Coates*
   Matthew J. Ungarino (#15061)
   J. Michael Nash (#27021)
   Ungarino & Maldonado, LLC
   910 Pierremont Road, Suite 109
   Shreveport, LA 71106
   Tel.: (318) 866-9598
   Fax: (318) 866-9598

7

XXV.

Further pursuant to 28 U.S.C. § 1447(b), a complete copy of the state court record has been requested from the 19th Judicial District Court for East Baton Rouge Parish. Upon receipt, mover will supplement this filing with a copy all state court pleadings, including any answers and any return of service of process filed in state court so far.

XXVI.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal. She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

XXVII.

Defendant Steadfast denies that Plaintiff has provided "satisfactory proof of loss" that his alleged damages exceed the underlying liability insurance coverage.

XXVIII.

Defendant, Steadfast Insurance Company, requests a trial by jury.

**WHEREFORE,** Defendant, Steadfast Insurance Company, prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the Orleans Parish Civil District Court, State of Louisiana, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from Orleans Parish Civil District Court, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

/s/ Andrea L. Albert
**ANDREA L. ALBERT (#27353)**
**GALLOWAY, JOHNSON, TOMPKINS,**
   **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70448
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Attorneys for Defendant, Steadfast Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2020 a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

/s/ Andrea L. Albert
**ANDREA L. ALBERT**