**UNITED STATES DISTRCIT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID FALK** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 3:20 – CV – 00403-SDD-RLB** |
| **FIRST ACCEPTANCE INSURANCE COMPANY OF GEORGIA, INC., *ET AL.*** | |

**STATUS REPORT**

**A.     Jurisdiction**

*What is the basis for the jurisdiction of the Court?*

The matter was removed to this Court in accordance with 28 U.S.C. §1332(a)(1) - diversity of citizenship.

**B.     Brief explanation of the case**

    **1.     Plaintiff's claims:**

On July 4, 2018, around 9:19 p.m., a 2007 Chevrolet Tahoe, owned and being operated by Emanuel Coates, proceeded past a stop sign and into the lane of a lawfully proceeding 2014 Nissan Versa, owned and being operated by David Falk, causing a collision on S. Peters Street in Orleans Parish, State of Louisiana. The wreck, injuries, and damages were caused by the fault of Emanuel Coates. As a result of the wreck, David Falk sustained personal injuries including to his wrist, shoulders, and neck, along with other parts of his body.

    **2.     Defendants' claims:**

*First Acceptance Insurance Company of Georgia, Inc. and Emanuel Coates:*

Plaintiff has been involved in at least seven accidents. Medical causation is in dispute. Plaintiff has dismissed any claim for lost wages. Defendants aver that if plaintiff was injured in

the accident in suit, his injuries were minor and his medical treatment is largely related to other accidents.

*Steadfast Insurance Company:*

There are legitimate questions as to the nature, extent, and causation of Plaintiff's alleged injuries and damages. With respect to the UM/UIM claims, Plaintiff has not provided satisfactory proof of loss and has not proven Plaintiff's alleged damages exceed the underlying liability limits.

**C.    Pending motions**

None at this time.

**D.    Issues – the principal legal issues involved are all in dispute**

- Liability, comparative fault
- Medical causation as well as the nature and extent of Plaintiff's alleged injuries and damages.
- Satisfactory proof of loss re: UM/UIM claim

**E.    Damages**

**1.    Plaintiff's calculation of damages:**

Plaintiff is entitled to recover damages as are reasonable in the premises for his past and future pain and suffering, mental anguish and loss of enjoyment of life. He is also entitled to recover for his past and future medical expenses. His damages are believed to exceed the sum or value of $75,000, exclusive of interest and costs.

**2.    Defendants' calculation of damages:**

*First Acceptance Insurance Company of Georgia, Inc. and Emanuel Coates:*

Defendants' calculation of offset and/or plaintiff's damages as directly relate to the subject accident cannot be apparent to any non-medical expert due to the plaintiff's multiple prior accidents

which occurred in 2001, 2008, 2009, 2013, and on November 13, 2017, with the subject accident occurring on July 4, 2018; and, with some of the same injuries claimed in this accident as were claimed in plaintiff's prior accidents. In fact, plaintiff was still treating for injuries claimed in the November 13, 2017 accident on June 4, 2018 – only one month prior to the subject accident – at which time his treating physician recommended a left shoulder arthroscopic posterior/inferior labral repair. As such, expert assessment and opinion will be required to determine what treatment, and/or what percentage of what treatment, and/or what timeframe for what treatment as to each claimed injury can be medically related to the subject accident given plaintiff's pre-existing injuries from multiple prior accidents.

*Steadfast Insurance Company:*

Steadfast Insurance Company, as UM/UIM carrier, is entitled to a credit/offset for any alleged damages to the extent of the underlying liability limits of $25,000 for the automobile policy issued by First Acceptance Insurance Company Of Georgia, Inc. to Emanuel Coates.

**F.    Service**

There are no issues with service or jurisdiction or venue.

**G.    Discovery**

    **1.    Initial Disclosures:**

        A.    Have the initial disclosures required under FRCP 26(a)(l) been completed?
            [] YES    [X] NO

*In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.*

        B.    Do any parties object to initial disclosures?

            [ ] YES    [X] NO

*For any party who answered yes, please explain your reasons for objecting.*

2. **Briefly describe any discovery that has been completed or is in progress:**

Written discovery has been exchanged and records have been obtained by Defendants via authorizations and/or subpoenas duces tecum. The deposition of plaintiff has been taken.

**By Plaintiff:**

Plaintiff intends on taking the deposition of Emanuel Coates, as well as any other fact or expert witnesses disclosed during discovery.

**By Defendants:**

*First Acceptance Insurance Company of Georgia, Inc. and Emanuel Coates:*

Defendants may have IME testimony offered at trial.

*Steadfast Insurance Company:*

Defendant reserves the right to obtain additional discovery, including but not limited to depositions of Plaintiff's medical providers and/or experts, as discovery is still ongoing. Defendant reserves the right to supplement and/or amend this disclosure as additional information becomes available through discovery.

3. **Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)**

Plaintiff's medical records have been obtained. Plaintiff does not intend at this time to seek any protections or limitations on the production of his medical records, but will seek to have certain confidential and inadmissible information contained in the records redacted prior to admission into evidence.

4. **Discovery from experts: Identify the subject matter(s) as to which expert testimony will be offered.**

**By Plaintiff:**

Plaintiff intends to present expert testimony from treating physicians. The treating physicians are expected to testify as to the nature and extent of plaintiff's accident related injuries and to the accident related causation of those injuries. The treating physicians are expected to provide opinions on diagnosis, prognosis, limitations and restrictions, reasonableness of the medical treatment provided, and to the cost of any future medical expenses.

**By Defendants:**

*First Acceptance Insurance Company of Georgia, Inc. and Emanuel Coates:*

Defendants may have IME testimony offered at trial.

*Steadfast Insurance Company:*

At this time, Defendant has not retained any expert witnesses in this matter. Defendant reserves the right to supplement and/or amend this disclosure as additional information becomes available through discovery.

**H.     Proposed scheduling order**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: N/A

2. Recommended deadlines to join other parties or to amend the pleadings: October 12, 2020.

3. Filing all discovery motions and completing all discovery except experts: January 11, 2021, 2020.

4. Disclosure of identities and resumés of expert witnesses:

    Plaintiff(s): December 11, 2020.

    Defendant(s): January 11, 2021.

5. Exchange of expert reports:

Plaintiff(s): January 11, 2021.

Defendant(s): February 10, 2021.

6. Completion of discovery from experts: February 26, 2021.

7. Filing dispositive motions and *Daubert* motions: March 10, 2021.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.

**I.    Trial**

1. Has a demand for trial by jury been made?

[X] YES [ ] NO

2. Estimate the number of days that trial will require: 4

**J.    Other matters**

The removing party has not yet filed all state court papers in this matter.

*Are there any specific problems the parties wish to address at the scheduling conference?*

[ ] YES    [X] NO

*If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?*

[X] YES    [ ] NO

**K.    Settlement**

The parties wish to have a settlement conference.

**L.    Consent to jurisdiction by a magistrate judge**

The parties do not agree to the jurisdiction of a magistrate judge at this time.

Respectfully submitted,

_____
**MATTHEW J. UNGARINO (#15061)**
**UNGARINO & MALDONADO, LLC**
910 Pierremont Road, Suite 109
Shreveport, LA 71106
Tel.: (318) 866-9598
Fax: (318) 866-9598
*Attorney for Defendants, First Acceptance Insurance Company of Georgia, Inc. and Emanuel Coates*

Respectfully submitted,

 */s/ Andrea L. Albert*
**ANDREA L. ALBERT (#27353)**
**GALLOWAY, JOHNSON, TOMPKINS,**
 **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70448
Telephone: (985) 674-6680
Facsimile: (985) 674-6681
*Attorneys for Defendant, Steadfast Insurance Company*


Respectfully submitted,


*/s/B. Scott Andrews*
Kirk A. Guidry, (Lead Atty.) Bar Roll # 20842
B. Scott Andrews, Bar Roll #24280
C. Scott Courrege, Bar Roll #37991
**DUÉ GUIDRY PIEDRAHITA ANDREWS L.C.**
8201 Jefferson Highway
Baton Rouge, Louisiana 70809
Tel: (225) 929-7481
Fax: (225) 924-4519
kguidry@dueguidry.com
sandrews@dueguidry.com
scourrege@dueguidry.com
Attorneys for Plaintiff, David Falk