UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID FALK | CIVIL ACTION NO. |
| VERSUS | 20-403-SDD-RLB |
| FIRST ACCEPTANCE INSURANCE COMPANY OF GEORGIA, INC., STEADFAST INSURANCE COMPANY, AND EMANUEL COATES | |

### RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] filed by Defendant, First Acceptance Insurance Company of Georgia, Inc. ("First Acceptance"). Plaintiff, David Falk ("Falk") filed an *Opposition*[2] to this *Motion*. For the following reasons, the Court finds that First Acceptance's *Motion* should be granted.

### I.   FACTUAL BACKGROUND

The Parties agree on the pertinent facts for the purposes of this *Ruling*. Falk sued First Acceptance and others seeking compensation for a vehicle crash that occurred on July 4, 2018.[3] Falk was also involved in a prior accident in November 2017.[4] Dr. Charles Haddad treated Falk after both accidents.[5] Dr. Haddad testified in a deposition that all treatment of Falk's left shoulder, including the surgery and follow-up visits, was related to the November 2017 accident—not the July 4, 2018 accident that is the subject of the

---

[1] Rec. Doc. No. 13.
[2] Rec. Doc. No. 17.
[3] Rec. Doc. No. 13-1, p. 1–2; Rec. Doc. No. 17, p. 2.
[4] Rec. Doc. No. 13-1, p. 1–2; Rec. Doc. No. 17, p. 2.
[5] Rec. Doc. No. 13-1, p. 1–2; Rec. Doc. No. 17, pp. 2–3.

66545

instant suit.[6] On this basis, First Acceptance moves for partial summary judgment, arguing that the Court must "exclude any evidence, testimony[,] or medical expenses related to Dr. Haddad's surgery, as well as any and all expenses for rehabilitation, pain-and-suffering, or general damages resulting from the necessity for left shoulder surgery from trial of this matter."[7] Falk's *Opposition* is limited to the assertion that "[a] blanket order should not be issued excluding unspecified evidence and medical costs"; Falk offers a list of costs the Court should exclude if it grants First Acceptance's *Motion*.[8]

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

In reviewing a party's motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[9] This determination is made "in the light most favorable to the opposing party."[10] A party moving for summary judgment "'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[11] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[12] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the

---

[6] Rec. Doc. No. 13-2, pp. 1–2; Rec. Doc. No. 17-1, p. 1.
[7] Rec. Doc. No. 13-1, p. 3–4.
[8] Rec. Doc. No. 17, p. 7.
[9] FED. R. CIV. P. 56(a).
[10] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[11] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).
[12] *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[13]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[14] All reasonable factual inferences are drawn in favor of the nonmoving party.[15] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[16] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiffs [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"[17]

### B. Required Proof of Causation Between the Accident and Injury

This Court applies Louisiana law sitting in diversity: "The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."[18] Falk does not dispute that he cannot meet this standard. Therefore, the only question before the Court is the scope of its summary judgment.

---

[13] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).
[14] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[15] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[16] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[17] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[18] *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759.

Falk admits that the following dates of service stem from the November 2017 accident and thus do not constitute a component of damages in the instant case: the May 15, 2019 surgery; the follow-up treatments on May 24, 2019; June 7, 2019; July 2, 2019; February 11, 2020; and March 10, 2019; and the physical therapy conducted at Mid-City Physical Therapy between June 12, 2019 and March 16, 2020.[19] As such, the Court will grant First Acceptance's *Motion* as to those components of Falk's purported damages. The remainder of Falk's purported damages are still at issue.

As to the evidence that First Acceptance asks the Court to exclude, the Court declines to exclude evidence at the current procedural posture. A motion for summary judgment is not the proper procedural vehicle to challenge evidence. Counsel may seek relief through a motion in limine or make appropriate evidentiary challenges at trial.

### III.  CONCLUSION

For the foregoing reasons, First Acceptance's *Motion*[20] is **GRANTED.**

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 24, 2021.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[19] Rec. Doc. No. 17, p. 7.
[20] Rec. Doc. No. 13.

66545